SALUFATA FAATE'A, Appellant

v.

TALAE MOELETOA TUITELE, Appellee

[In the matter of the Matai Title
'TAUAISAFUNE" in the Village of Amanave]

High Court of American Samoa
Appellate Division

AP No. 16-86

October 22, 1987

Before KRUSE, Associate Justice, KING*, Acting Associate Justice, O'SCANNLAIN**, Acting Associate Justice, and TUIAFONO, Associate Judge.

Counsel: For Appellant, Aviata Fa'alevao
 For Appellee, Albert Mailo

PER CURIAM:

This is an appeal from a judgment of the Lands & Titles division in LT No. 3-85 awarding to Talae M. Tuitele the matai title "Tauaisafune" attached to the village of Amanave.

Appellant, Salufata Faate'a, argues that the trial court erred: in failing to make findings; in failing to find that appellee prevailed on the statutory criterion of hereditary entitlement provided in A.S.C.A. 8 1.0409(c)(1); and in concluding against the weight of the evidence by finding in favor of appellant with regard to the third and fourth statutory criteria as contained in A.S.C.A. 8 1.0409(c)(3) & (4).

For reasons given, we affirm the judgment below.

Contrary to appellant's first submission, we find that the trial court did indeed make findings on each of the matters required by statute for consideration. These findings were the basis of the lower court's conclusion that Talae M. Tuitele was better qualified to register the title.

Appellant's remaining claims of error are essentially complaints regarding these findings. It is claimed that the trial court, while finding that both claimants were connected to the title, erred in not going further and finding who was

---

* Honorable Samuel P. King, Senior Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

** Honorable Diarmuid F. O'Scannlain, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

better entitled. On the evidence, appellant claims that he prevails.

Hereditary entitlement, like any question of fact, is a matter going to proof, and it is quite apparent on the record before us that neither party had satisfactorily sustained the burden of proving superior entitlement. The record reveals inconsistencies in the testimony on: the original titleholder; clan derivation; and succeeding titleholders. As each party then attempted to demonstrate blood content through resort to the so called Sotoa rule[1] by tracing descent lines to the original titleholder, the result was necessarily a factual variance before the trial court, owing to the contradictory lineages asserted.

The trial court was thus confronted with factors of credibility, and with such matters the appellate court must of necessity defer to the judgment of the trial court, who had the firsthand opportunity to consider the witnesses and their proofs. In re the Matai Title Togiola, 3 A.S.R.2d 127 (1986).

Finally, the standard for appellate review recurringly reiterated is that findings of the trial court may not be set aside unless "clearly erroneous". In re Matai Title Aoelua, 2 A.S.R.2d 104 (1986); Willis v. Willis, 2 A.S.R.2d 102 (1986). Our review of the record amply directs us to the conclusion that the lower court's findings on the third and fourth criteria were substantially supported.

Accordingly, the decision of the trial court is AFFIRMED.

---

[1] See In re Matai Title Sotoa, 2 A.S.R.2d 15 (1984).